## EGAN v. NEW YORK LIFE INS. CO.
### No. 1448.

District Court, N. D. Georgia, Atlanta Division.
June 17, 1932.

Butler & McCollister and Thomas M. Stubbs, all of Atlanta, Ga., for plaintiff.

Bryan, Middlebrooks & Carter and John A. Dunaway, all of Atlanta, Ga., for defendant.

BARRETT, District Judge.

This is a suit on a life insurance policy which became in default by reason of non-payment of premiums, unless saved therefrom by reason of the provision hereinafter quoted. In the event of such provision becoming effective, payments are obligated to be made in installments, and the suit is for such installments.

"Waiver of Premiums. If after this policy shall have been in force one full year and before default in the payment of any premium, the Company receives due proof that the insured before attaining the age of sixty years has become wholly disabled by bodily

injury or disease so that he is and will be presumably thereby permanently and continuously prevented from engaging in any occupation whatsoever for remuneration or profit, the Company shall waive payment of each premium as it thereafter becomes due during the Insured's said disability."

The policy had been in force more than one full year, and assured had not reached sixty years of age at the time of the alleged disability, viz. insanity, which it is claimed made said provision applicable. Notice of such alleged disability was not given until after the company had lapsed such policy for nonpayment of premium, but it is alleged that such disability had occurred before the due date of the premium for the nonpayment of which such policy was lapsed and had continued uninterruptedly until the filing of such suit.

First it is important to ascertain whether the language of the provision is free from ambiguity. The condition is not, "if the assured becomes disabled," but is, if "the company receives due proof" of the disability, it will waive payment of premiums. To give this any other meaning than the notice of disability was the requisite would be to twist and torture language.

The promise of the company was to do something if this condition precedent were complied with, viz. to waive payment of premiums. Until such condition was complied with, no such obligation existed.

My opinion is so decided that to fail to sustain the general demurrer would be to disregard the sanctity of contracts that nothing but a controlling authority would lead to any other conclusion. Not only such opinion of my own but the decision of the Circuit Court of Appeals of the Fifth Circuit in the case of Peoria Life Insurance Co. v. Bergholm, 50 F.(2d) 67, as affirmed by the Supreme Court of the United States in the same case (there entitled Bergholm v. Peoria Life Insurance Co., 284 U. S. 489, 52 S. Ct. 230, 76 L. Ed. 416, as I understand them, is mandatory that I shall sustain such demurrer.

It is recognized that there are some differences of opinions in the state courts, but the overwhelming weight in number and cogency of reasoning are in accord with the said Bergholm Case. A splendid review of the authorities is contained in the case of Beulah L. Smith v. Missouri State Life Ins. Co., 134 Kan. 426, 7 P.(2d) 65, decided January 30, 1932. The most recent case that has been furnished me is that of Missouri

W. Berry v. Lamar Life Insurance Co. (Miss.) 142 So. 445, very recently decided, and following and affirming the opinion of said court in the case of New York Life Insurance Co. v. Alexander, 122 Miss. 813, 85 So. 93, 15 A. L. R. 314.

The urge that because this contract was made in Virginia it should be construed by the laws of Virginia and not by the general commercial law is answered adversely by the Supreme Court of the United States in Carpenter v. Providence Washington Insurance Company, 16 Pet. 495, 511, 10 L. Ed. 1044; Black & White Taxicab Co. v. B. & Y. Taxicab Co., 276 U. S. 518, 530, 48 S. Ct. 404, 72 L. Ed. 681, 57 A. L. R. 426, and by the Circuit Court of Appeals of the Fourth Circuit in the case of Pilot Life Insurance Co. v. Owen, 31 F.(2d) 862.

It is therefore hereby ordered that the general demurrer is sustained and the petition is dismissed, at the cost of the plaintiff.