### EGAN v. NEW YORK LIFE INS. CO.
### No. 6792.

Circuit Court of Appeals, Fifth Circuit.

Dec. 14, 1933.

Thomas M. Stubbs, of Atlanta, Ga., for appellant.

Grover Middlebrooks, of Atlanta, Ga., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

Appellant, Mrs. Mabel P. Egan, as committee of her husband, John G. Egan, brought this suit on January 20, 1932, to recover five annual disability payments of $1,000 each with interest, penalties, and attorney's fees under a policy of life insurance issued to him on September 22, 1913, in the amount of $10,000 by appellee, the New York Life Insurance Company. The suit was dismissed on demurrer. This appeal followed.

The material facts disclosed by the petition and policy annexed are these. The policy contained the following provisions:

"Waiver of Premiums. If, after this policy shall have been in force one full year and before default in the payment of any premium, the company receives due proof that the Insured before attaining the age of sixty years has become wholly disabled by bodily injury or disease so that he is and will be presumably thereby permanently and continuously prevented from engaging in any occupation whatsoever for remuneration or profit, the company shall waive payment of such premium as it thereafter becomes due during the Insured's said disability.

"Installment Payments. In addition to waiving payment of premiums as aforesaid, if such disability shall have occurred before the insured attained the age of sixty years, the company, one year after said proof of such disability, shall pay to the insured one-tenth of the face amount of the policy and a like amount in each insurance year thereafter during the continuance of such disability prior to the maturity of the policy. * * *"

The policy was lapsed on July 19, 1929, for failure of the insured to pay a premium due March 22, 1929. No premiums were paid thereafter. Egan became insane as the result of pellagra and was totally and permanently disabled in 1927 before default in the payment of premiums and before he had reached sixty years of age. Notice of disability was not given to the company at the time the disability occurred because the insanity of the insured rendered him incompetent and unable to comply with that provision of the policy. Demand for payment on the policy was not made until February 16, 1930, some seven months after the policy lapsed.

It is contended by appellant that, since Egan was insane and unable to personally furnish proof of his disability, that condition of the policy was inoperative and waived.

Therefore, she has the right to now make proof of the insured's total disability while the policy was in force. This contention is untenable. The policy is plain and unambiguous. The contract clearly contemplates that, if for any reason the insured is unable to promptly make proof of his disability warranting the suspension of premiums and the payment of the annual installments, some one else in interest must do so for him. This is a condition precedent necessary to be complied with to fix liability under the policy. It is very material to the risk that proof of total disability be furnished promptly and while the policy is kept in force by the payment of premiums. The provisions of the policy so requiring are not to be considered waived or rendered inoperative simply because of misfortune overtaking the insured. Bergholm v. Peoria Life Ins. Co., 284 U. S. 489, 52 S. Ct. 230, 76 L. Ed. 416.

Affirmed.