**CHAMBERS v. FRANKLIN LIFE INS. CO.**

No. 7824.

Circuit Court of Appeals, Fifth Circuit.

Dec. 10, 1935.

John W. West, of Dallas, Tex., for appellant.

Ralph W. Malone, of Dallas, Tex., for appellee.

Before HUTCHESON, Circuit Judge, and DAWKINS and STRUM, District Judges.

STRUM, District Judge.

Appellant, Maude H. Chambers, as beneficiary under a policy of life insurance issued by appellee, Franklin Life Insurance Company, upon the life of her husband, David Clyde Chambers, sued to recover upon said policy. She appeals from an order sustaining general and special demurrers to her petition.

The policy, issued March 3, 1920, was kept in force by the payment of premiums to March 3, 1932, after which no further premiums were paid. The policy contained a thirty days' grace clause, the usual forfeiture clause for nonpayment of premiums, and a disability benefit clause; the pertinent portion of the latter being: "If the Insured, * * * shall become totally and permanently disabled by bodily injury or by disease * * *, and shall furnish proof satisfactory to the Company of such disability, the Company agrees

340

to waive further payment of premium under said Policy, such agreement to become operative only after indorsement of the same has been made on said Policy by the Company. * * *"

The insured died on April 20, 1934. The petition below alleged that on March 3, 1932, and prior thereto, the insured was of unsound mind and suffered from pernicious anæmia which rendered him totally and permanently disabled within the terms of the disability benefit clause; that said maladies persisted and grew progressively worse until the death of the insured; and that during said period from March 3, 1932, to the date of his death, insured was physically unable to transact any business and incapable of filing proof of disability. No proof of disability was attempted until July 14, 1934.

Appellant asserts that under the terms of this disability clause the existence of total disability is a condition precedent, but the furnishing of proof is a condition subsequent which may be complied with within a reasonable time after the event; and that whether it be a condition precedent or subsequent, the requirement that proof be furnished is excused in this case because of the insured's inability to comply therewith due to his physical and mental condition. Appellee contends that under the terms of the disability benefit clause, the furnishing of proof of disability is a condition precedent to the operation of said clause, and that insured's physical and mental condition does not excuse performance.

■ Our attention has not been directed to any decision of the Supreme Court of Texas construing the language of this contract, which we should follow upon principles of comity, as in Mutual Life Ins. Co. v. Johnson, 293 U.S. 335, 55 S.Ct. 154, 79 L.Ed. 398. Several decisions of the Texas Courts of Civil Appeals are relied upon by appellant as decisive. The disability benefit clause here in question, however, is essentially unlike those involved in State Life Ins. Co. v. Fann (Tex.Civ. App.) 269 S.W. 1111, State Life Ins. Co. v. Barnes (Tex.Civ.App.) 58 S.W.(2d) 189, and Missouri State Life Ins. Co. v. Le Fevre (Tex.Civ.App.) 10 S.W.(2d) 267. The latter case also differs on the facts. In Mid-Continent Life Ins. Co. v. Hubbard, 32 S.W.(2d) 701, and Merchants' Life Ins. Co. v. Clark, 256 S.W. 969, the Texas Courts of Civil Appeals considered

disability benefit clauses somewhat similar to the present one as far as they went. None of them, however, appear to have contained the phrase here present " * * * such agreement (to waive further premiums) to become operative only after indorsement of the same has been made on said Policy by the Company." The same is true of Minnesota Mut. Life Ins. Co. v. Marshall (C.C.A.) 29 F.(2d) 977.

■ The gist of this disability clause is that if the insured becomes totally and permanently disabled, *and* shall furnish satisfactory proof thereof to the company, the company will waive further premiums. Any ambiguity existent at that point as to whether proof of disability is a condition precedent to the waiver of premiums is dispelled by the quoted phrase which follows immediately, and in the same sentence, that the agreement to waive further premiums becomes operative *only* after indorsement of the same on the policy by the company. That phrase definitely fixes the time when the agreement to waive further premiums becomes "operative." It would be incongruous and unnatural to hold that the parties intended that the company would indorse on the policy an agreement to waive further premiums, and that such agreement should become operative, before proof of such disability, which is the basis of such indorsement, is submitted. Without the last clause, there might be room for doubt, which would be resolved against the company; but giving the language and structure of the whole disability clause a natural and unstrained meaning, no room for doubt remains. No question is here presented as to the consequences of an arbitrary or wrongful refusal of the company to indorse the policy after due proof furnished. We hold the effect of the clause in question to be that the furnishing of proof of disability is a condition precedent to the waiver of premiums, and that a failure to comply therewith necessarily defeats a recovery, unless performance is waived or excused. Bergholm v. Peoria Life Ins. Co., 284 U.S. 489, 52 S.Ct. 230, 76 L.Ed. 416; Orr v. Mutual Life Ins. Co. (C.C.A.) 64 F.(2d) 561; Avery v. New York Life Ins. Co. (C.C.A.) 67 F.(2d) 442.

■ Whether or not insured's alleged inability to furnish proof, by reason of his mental and physical condition, relieves him from the ordinary consequences of fail-

ure to perform a condition precedent, is a question upon which there is an array of divergent authority. See Mutual Life Ins. Co. v. Johnson, 293 U.S. 335, 55 S.Ct. 154, 79 L.Ed. 398; Pfeiffer v. Missouri State Life Ins. Co., 174 Ark. 783, 297 S. W. 847, 54 A.L.R. 600, and note. Again, we are without a controlling Texas decision.

In Egan v. New York Life Ins. Co., 67 F.(2d) 899, 900, this court has heretofore held that an insured's insanity and consequent inability to personally furnish proof of disability did not excuse the furnishing of such proof. The court there said: "The contract clearly contemplates that, if for any reason the insured is unable to promptly make proof of his disability * * * some one else in interest must do so for him." That holding is apposite in the circumstances here presented. This is not a case in which the insured became suddenly and completely incapacitated by accident or otherwise, or died within such a short time after disability as to preclude reasonable opportunity for proof by the insured or for investigation and proof by others in interest if the insured was unable to personally make proof. Nor does this policy provide, as in Metropolitan Casualty Ins. Co. v. Johnston (C.C.A.) 247 F. 65, 67, 7 A.L.R. 175, an accident policy, that notice be given within a stipulated time or if that be impossible then "as soon as reasonably possible." This insured's disability resulted from the onslaught of slowly developing maladies. He lived at least two years and three months after his alleged disability, thus affording ample time for investigation by those in interest as to the existence and contents of the policy and for proof in accordance with its terms. Petitioner does not allege that she was unaware of the existence of the policy. No proof of disability was attempted by insured or by any one in his behalf until July 14, 1934, two years and three months after his disability is alleged to have definitely existed, and nearly three months after his death, thus precluding any investigation of the circumstances by the insurer during the two years and more the insured lived after the date of his alleged disability, during all of which time the premium due March 3, 1932, was in default. In these circumstances it cannot be said that insured's alleged condition rendered impossible the furnishing of proof, at least by others in interest who now claim the benefit of the

policy, if insured was unable to personally do so.

As was further said in the Egan Case, supra: "It is very material to the risk that proof of total disability be furnished promptly and while the policy is kept in force by the payment of premiums. The provisions of the policy so requiring are not to be considered waived or rendered inoperative simply because of misfortune overtaking the insured." In the circumstances stated we hold that insured's mental and physical condition was not such as to excuse performance of the condition precedent to furnish proof of disability. Northwestern Mut. Life Ins. Co. v. Dean, 43 Ga.App. 67, 157 S.E. 878, affirmed, 175 Ga. 321, 165 S.E. 235; Smith v. Missouri State Life Ins. Co., 134 Kan. 426, 7 P.(2d) 65; and the cases cited in Mutual Life Ins. Co. v. Johnson, supra.

Affirmed.