No. 36,398

ARTHUR M. WEAD, *Appellant,* v. THE AETNA LIFE INSURANCE COMPANY, *Appellee.*

(160 P. 2d 258)

Opinion filed July 7, 1945.

*Roy C. Davis, Warren H. White, Frank S. Hodge, Wm. H. Vernon, Jr.,* and *Eugene A. White,* all of Hutchinson, were on the briefs for the appellant.

*Walter F. Jones, Harold R. Branine, Claude E. Chalfont, J. Richard Hunter* and *Stuart Simmons,* all of Hutchinson, were on the briefs for the appellee.

The opinion of the court was delivered by

BURCH, J.: This case involves construction of waiver of premium and disability benefit provisions in a life insurance policy. The specific question to be decided is whether the conditions set forth in the policy are conditions precedent or subsequent. The action was brought to recover premiums paid on the policy and disability benefits accruing during a period prior to furnishing the insurer with

satisfactory evidence of the disability. The trial court sustained a demurrer to the amended petition and the appeal is from such ruling.

The provision involved as to the waiver of premiums reads as follows:

"If the insured becomes totally and permanently disabled and is thereby prevented from performing any work or conducting any business for compensation or profit, or has met with the irrecoverable loss of the entire sight of both eyes, or the total and permanent loss by removal or disease of the use of both hands or of both feet, or of such loss of one hand and one foot, and *satisfactory evidence of such disability is received* at the Home Office of the Company, the Company will, if there has been no default in the payment of premiums, waive the payment of all premiums falling due during such disability *after the receipt of such proofs."* (Emphasis supplied.)

The disability benefit provision reads as follows:

*"If such evidence is received* before the end of the endowment term, the Company will pay to the insured the sum of ten dollars for each one thousand dollars of the original insurance and will pay a like amount on the same day of every month *thereafter* during the lifetime and the continuance of such disability of the insured, *the first payment to become due on receipt* at said Home Office *of proof of such disability."* (Emphasis supplied.)

The amended petition alleges in substance that on December 29, 1941, the plaintiff became totally and permanently disabled; that on or about May 27, 1943, there was furnished to the defendant, on behalf of the plaintiff, sufficient and satisfactory evidence of such disability; that the policy was in the amount of $3,000; that the disability benefits therefor amounted to $30 each month and that the plaintiff was entitled to recover from the defendant the sum of $30 a month for the period from December 29, 1941, to May 27, 1943. The amended petition also alleges that the defendant had been paying the said sum of $30 each month since the date it received satisfactory evidence of disability, to wit, May 27, 1943. In other words, the plaintiff is seeking to recover disability benefits only for a period after the disability occurred but prior to the date any evidence of such disability was furnished to the defendant. The second count of the amended petition seeks to recover the premiums which had been paid in behalf of the plaintiff during the same period hereinbefore referred to. It is admitted by the plaintiff that the defendant insurance company has waived the payment of all premiums since the date it received satisfactory evidence of plaintiff's disability and that the insurance company is making no claim for the further payment of premiums. The plaintiff alleges, however,

that the defendant has refused to repay or return to the plaintiff the amount which it received in the aggregate sum of $174.48 as premiums during the aforesaid period from December 29, 1941, to May 27, 1943, and that such amount is due the plaintiff, together with interest at the rate of six percent from the respective dates when the component portions of the total sum were paid to the defendant as premiums.

Counsel for the plaintiff, in a rather exhaustive and well-prepared brief, contend that the furnishing of satisfactory evidence of total and permanent disability, even if it is a condition precedent, also fixes the time of any benefits by the express terms of the policy. They vigorously urge that the policy under consideration, in its fifth paragraph under the subject of "conditions," provides that all disability benefits are conditioned upon satisfactory evidence being furnished when requested. Such condition clearly refers only to evidence of the continuance of disability. They further contend that if the insurer wished to make notice of such disability a condition precedent to the commencement of disability benefits, it could have done so in plain and simple language; that the provisions in the policy are ambiguous; and that there is nothing in the policy requiring notice except as inferentially included in the phrase "satisfactory evidence." Counsel for plaintiff also contend that the actual period of total disability—not the date when the defendant becomes informed of such fact—is the controlling factor; that the policy specifically states that the company will "waive the payment of all premiums falling due during such disability" and that the phrase "after the receipt of such proof" refers only to the time when the waiver will be made—not to the time during which the payment of premiums will be waived and during which disability benefits will be paid. In support of such contentions counsel for plaintiff cite many cases from various states and federal decisions but they do not cite any of our decisions except Smith v. Missouri State Life Ins. Co., 134 Kan. 426, 7 P. 2d 65, which they contend is not controlling because the provisions in the policy referred to in the cited case can be distinguished from the policy provisions in the present case in that the benefits in the cited case were limited to a continuance of the disability, whereas in the instant case the provisions are limited by provisions reading: "If the insured becomes . . . disabled."

The argument is ingenious but it falls short of being convincing.

In the present case plaintiff actually is contending that he is entitled to recover benefits during the continuance of his disability rather than during the time the disability continues after the defendant has been served with satisfactory evidence of disability. This opinion would become unduly extended if all of plaintiff's arguments were to be answered in detail. Perhaps sufficient has been said to demonstrate that serious consideration has been given to the contentions advanced by the plaintiff.

The legal question raised by the appeal is not a new one. Courts all over the country have considered it and there is a conflict of decisions as to whether the conditions referred to in such a policy are conditions precedent or subsequent. From a practical standpoint it is impossible to reconcile consistently the two lines of decisions. Mr. Justice Cardozo, in writing the opinion of the Supreme Court of the United States in the case of *Mutual Life Ins. Co. v. Johnson*, 293 U. S. 335, 79 L. Ed. 398, reviewed in detail the two diametrically opposed rules on the question as developed by the decisions from various states. Paragraph one of the syllabus in the case last referred to, as reported in 79 L. Ed. 398, reads as follows:

· "A life insurance policy is to be interpreted in accordance with the law of the state in which it was delivered to the insured, there resident."

The question, therefore, narrows itself to what is the law in Kansas. In the case of *Smith v. Missouri State Life Ins. Co.*, supra, the question was considered and it was held that similar provisions in a policy were conditions precedent. Such case, however, considered only waiver of premium provisions and not disability benefits. Because the rule of construction applied to accident and health policies in some jurisdictions differs materially from that applied to life insurance policies in considering waiver of premium provisions, the question of what the rule might be as to disability benefit provisions remained open in Kansas for some time. However, the question was brought to the consideration of this court in the case of *Bott v. Equitable Life Assur. Society*, 147 Kan. 671, 78 P. 2d 860. In such case the policy involved contained provisions waiving not only payment of premiums but in addition provisions for monthly benefits upon proof of permanent total disability. It was clearly held in the opinion that proof of such disability constitutes a condition precedent to the waiver of such premiums and to the payment of such benefits, and the first syllabus of the decision so reads. Examination of such opinion has been made for the purpose of determining whether the

policy provisions, or any other circumstances in the cited case, differ materially from those in the present case. In the two cases the facts are not the same but nothing in connection with them creates any basis for justifiably distinguishing the present case from the conclusion reached in *Bott v. Equitable Life Assur. Society*, supra. The two last-cited cases were cited with approval in *Bozich v. Metropolitan Life Ins. Co.*, 155 Kan. 573, 127 P. 2d 499, and the following quotation was therein again emphasized:

"'. . . On the one hand the company obligates itself in the event of total disability to carry the insurance without charge to the insured, and on the other hand the insured obligates himself to furnish, while the policy is in force, proof of such disability. The contract is neither unreasonable nor harsh.'" (p. 583.)

According to our decisions the provisions in the policy in the present case are not ambiguous and, therefore, rules relative to construction where ambiguity exists do not apply. (See *Watkins v. Metropolitan Life Ins. Co.*, 156 Kan. 27, 131 P. 2d 722; and *Movitz v. New York Life Ins. Co.*, 156 Kan. 285, 133 P. 2d 89.)

We find nothing in the present appeal to justify reversal of our previous decisions. The judgment of the district court is affirmed.