[No. 17309.  Department Two.  November 24, 1922.]

*In the Matter of* SUBDISTRICT "C" OF DRAINAGE IMPROVEMENT DISTRICT No. 7 OF YAKIMA COUNTY.

INTERLAKEN LAND COMPANY *et al., Appellants,*
v. YAKIMA COUNTY, *Respondent.*[1]

DRAINS (18)—ASSESSMENTS—ORDER CONFIRMING ASSESSMENT ROLL —APPEAL—TIME FOR—STATUTES. The ten-day period for taking an appeal from the county commissioner's order confirming a drainage assessment, prescribed by Rem. Comp. Stat., § 4436, does not commence to run until entry of the order in the journal, as required by Id., § 4435.

Appeal from a judgment of the superior court for Yakima county, Nichoson, J., entered April 3, 1922, dismissing an appeal from an order confirming an assessment roll for a drainage district. Reversed.

*O. L. Boose* and *Carkeek, McDonald, Harris & Coryell,* for appellants.

*William B. Bridgman,* for respondent.

[1]Reported in 210 Pac. 796.

HOVEY, J.—Appellants are the owners of certain land within the boundaries of respondent drainage district, and seek to appeal from an order of the commissioners of Yakima county establishing an apportionment or assessment roll for the drainage district, so far as the same levies an assessment upon the lands of appellants.

The county commissioners had a hearing within the boundaries of the district at a point some thirty miles from the county seat on November 25, 1921, and at that time orally made the order complained of. The order was written up by the county auditor, who acted as clerk of the board, on November 26, and was signed by the commissioners at that time. The signatures were not attested by the clerk, and the order itself was not spread upon the journal of commissioners' proceedings until after December 10, 1921, but the order was placed in an envelope kept by the auditor in a file and was indexed in a book in which the auditor kept an index record of proceedings relative to districts of this character. The auditor certified the roll soon after the order was made and delivered the same to the. treasurer for collection. Appellants had filed a protest prior to the date of hearing, but were not present at the hearing and had no actual knowledge of the order prior to December 10. On that date appellant John Boyer made inquiry at the court house in Yakima as to whether any order had been entered and was informed by the auditor of what had been done. He thereupon employed counsel, and the present appeal was taken on December 19, 1921. The trial court held that the appeal was not taken within time and dismissed the proceeding.

The procedure relating to assessments of this character is governed in considerable detail by our statutes. By § 4435, Rem. Comp. Stat., it is provided:

"When the board of county commissioners shall have finally determined that the apportionment as filed or as changed and modified by the board is a fair, just and equitable apportionment, and that the proper credits have been entered thereon, the members of the board approving the same shall sign the schedule and cause the clerk of the board to attest their signature under his seal, and shall enter an order on the journal approving the final apportionment and all proceedings leading thereto and in connection therewith, and shall levy the amounts so apportioned against the property benefited, and the determination by the board of county commissioners in fixing and approving such apportionment and making such levy shall be final and conclusive."

The statute relative to appeal is governed by the Laws of 1921, p. 623, § 1 [Rem. Comp. Stat., § 4436], a portion of which is as follows:

"Such appeal shall be made by filing written notice of appeal with the clerk of such board and with the clerk of the superior court of the county in which such drainage or diking improvement district is situated, or in case of joint drainage or diking improvement districts with the clerk of the court of the county in which the greater length of such drainage or diking improvement system lies, within ten days after the order confirming such assessment roll shall have become effective."

It is apparent that, if the time for appeal dates from the time the order is announced, the present appeal cannot be allowed; and it is the contention of respondent that all of the acts subsequent to the making of the order are of a ministerial nature and that the order is effective from the date it was made, and the time of appeal commenced to run at that time. And it is further contended that the right of appeal exists merely by the grace of statute and this should be strictly construed.

In our opinion, the legislature, having provided for appeal, intended to give a right of which the party complaining might avail himself. The legislature provided in detail just what the taxing body must do to make their proceedings effective, and until all the steps are complied with they have not complied with the law. This is particularly true of the provision requiring the order to be spread upon the commissioners' journal. This is a public record and, when this act is performed, constructive notice is given to every one of what the commissioners have done. It might be suggested in this connection that, if respondent's theory is correct, the commissioners could orally announce an order, and if the clerk did not find it practicable to write it up until after the full ten-day period had expired, there would be no possible means of learning with certainty what order the commissioners had made and there would be nothing to appeal from. The time allotted for appeal to this proceeding is very short and it is fair to assume that the legislature did not intend the time to commence until there is official public notice of the contents of the order. It is probably true that, upon the performance of the various acts prescribed by the statute, they will relate back to and become effective for the purpose of fixing the assessment as of the date the order is made; but when considered in connection with the provisions of the statute relative to appeal, the order does not become effective until all the steps required of the statute have been complied with.

The judgment is reversed.

PARKER, C. J., and FULLERTON, J., concur.