[File No. 6395.]

JOHN F. MULLANEY, as Administrator of the Estate of Vera H. Mullaney, Deceased, Respondent, v. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, a Corporation, Appellant.

(264 N. W. 663.)

Opinion filed January 20, 1936.

*Dullam & Young,* for appellant.

*Murtha & Murtha,* for respondent.

BURR, J.  In 1925 the defendant issued to Vera Mullaney a policy of life insurance which contained the following provision:

"Total and Permanent Disability.

"(1) Disability Benefits before age 60 shall be effective upon receipt of due proof, before default in the payment of premium, that the Insured became totally and permanently disabled by bodily injury or disease after this policy became effective and before its anniversary upon which the Insured's age at nearest birthday is 60 years, in which event the Society will grant the following benefits:

"(a) Waive Payment of all Premiums payable upon this policy falling due after the receipt of such proof and during the continuance of such total and permanent Disability; and

"(b) Pay to the Insured a Monthly Disability-Annuity as stated on the face hereof; the first payment to be payable upon receipt of due proof of such Disability and subsequent payments monthly thereafter during the continuance of such total and permanent Disability, . . . . . . . . . . ."

The insured died from cancer in 1933, being then less than sixty years of age.  She was under permanent disability for the preceding two years.  All premiums were paid as they became due.  No notice of any disability whatever was submitted to the defendant by or on behalf of the insured prior to her death.  After her death the defendant received a letter wherein a doctor certified he had examined the insured in July, 1933, and found she was suffering with a large, malignant abdominal tumor of ovarian origin, that he advised an immediate operation, that such operation was performed July 11, 1933, that the insured was bedridden from that time until her death, etc.

Upon his appointment as administrator the plaintiff made demand for disability benefits for the two years prior to the death of the insured, which demand was refused on the ground:  "that under the contract of insurance benefits could not be allowed for a period of total disability alleged to have existed prior to the receipt of proof of total and

permanent disability, and that no proof of disability was made prior to the death of the insured. . . ." The trial court held the plaintiff could recover and the defendant appeals.

We will assume without deciding, that such letter was "due proof" of total and permanent disability—a very doubtful proposition.

As usual in such policies, the life of Vera Mullaney was insured, but this amount has been paid. The plaintiff's claim is based on the sup-plementary contract covering disabilities.

There is nothing ambiguous in the contract dealing with total and permanent disabilities. It is in essence an annuity to go into effect upon the happening of certain events, as shown in Legg v. St. John, decided by the United States Supreme Court, Jan. 6, 1936, 296 U. S. 489, 80 L. ed. 345, 56 S. Ct. 336. Here the court says: "The fact that the disability benefits are provided for in a 'Supplementary Contract' issued on the same day as the policy and physically attached thereto does not make them life insurance. The life policy and the contract were executed as distinct instruments. The 'Supplementary Contract' was to operate for some purposes as if a part of the life policy. But for all other purposes it is a separate obligation. The hazards covered by the two instruments are obviously different."

The beneficiaries differ also. The payment under the life policy was to be made to the designated beneficiary; the disability benefits are to be paid to the insured herself. A separate and different premium was exacted for the obligations assumed in each instrument.

The contract went into effect July, 1925. If after that date, and before the insured reached the age of sixty years, she furnished to the company due proof that she had become totally and permanently disabled by bodily injury or disease, the defendant agreed to waive the payment of further premiums on the life insurance as well as disability benefits, and to pay her a stipulated monthly payment. But such benefits and payments did not *become effective* until the company received due proof of the disability. After such proof was furnished the first monthly payment was payable *from the date of the receipt* of the due proof of disability, and subsequent payments would be made monthly thereafter during the continuance of the disability.

The term "effective" as it relates to disability benefits does not differ

in meaning from the same term when applied to the policy itself. Before any rights accrued to the insured, the policy itself had to become "effective," that is, go into effect and be binding upon the parties. The contract could not become effective until all the steps required to make a contract had been complied with, or waived. The same way with the disability benefits. The right to these benefits does not go into effect until the prerequisites occur—the contract must remain in force, the insured must not be over sixty years of age, must be totally and permanently disabled, and due proof of such disability must be furnished the company. All these are necessary steps before the disability benefits become effective. The time this portion of the contract goes into effect—payment of disability benefits—is as much a fundamental element as is the disability itself. As to the scope of the word "effective" see Interlaken Land Co. v. Yakima County, 122 Wash. 340, 210 P. 796, 797.

The right to receive these benefits does not differ from any other right to receive money. The recipient must comply with his obligations—one of which is to give due notice of disability, and then, and not until then, do the disability benefits begin. As stated in Bergholm v. Peoria L. Ins. Co. 284 U. S. 489, 76 L. ed. 416, 52 S. Ct. 230, "the obligation of the company does not rest upon the existence of the disability; but it is the receipt by the company of proof of the disability which is definitely made a condition precedent to an assumption by it of payment of the premiums becoming due after the receipt of such proof."

To assume the payment of premiums, by means of a waiver, is only one of the things which the company agrees to do if it receives due proof. Another is to pay the monthly disability benefits, and the statement in the quotation is applicable to the latter obligation as well as to the waiver of premiums. See also Perlman v. New York L. Ins. Co. 105 Pa. Super. Ct. 413, 161 A. 752, 753; Parker v. Jefferson Standard L. Ins. Co. 158 S. C. 394, 155 S. E. 617, holding there can be no recovery for disability period prior to furnishing proof. In the Pennsylvania case the court says: "This contract . . . makes the furnishing of such proof a condition precedent to the right to the benefits thus secured by the policy." It is true the disability had ceased before proof was furnished; but the court holds quite clearly there is no right

to benefits for the period prior to the furnishing of proof. The South Carolina case cited shows the reason for such notice, and the reasonableness is such that it certainly must have been contemplated by the parties. As said therein, it furnishes "a proper administrative protection against imposition and fraud, which would be of little practical value if the notice and demand could be so long deferred as to prevent a timely and effective investigation of the claim."

The right to the disability benefits does not, in essence, differ from rights construed in the case of State ex rel. Chamberlain v. Johnstone, 65 N. D. 727, 262 N. W. 193. There, the right to the annuity for disability, so far as time was concerned, depended upon payment of certain assessments. The claim was made that after the payment of the required assessments, the right to the annuity matured at the date of the disability—in other words, that there was a retroactive effect. We held therein that the right did not mature until the payment of the assessments and the liability for payments began with the maturity of the right. The same rule holds good in this case.

The plaintiff argues that because the terms of the policy are written by the insurer, the terms should be considered most favorably toward the insured when there is doubt as to the meaning of the provisions. There can be no controversy on this point. It is well established, as is also the doctrine that forfeitures are not favored. To show there is doubt as to the meaning of the terms, the plaintiff cites the case of Minnesota Mut. L. Ins. Co. v. Marshall (C. C. A. 8th) 29 F. (2d) 977. The issue in that case was entirely different from the one at bar. There it was claimed the whole policy of insurance had lapsed because of the nonpayment of premiums. The premium was due October 14 with a grace period of one month. The insured died November 29. The court held that because the deceased became totally disabled prior to the expiration of the time of the payment of the premium, the life insurance policy had to be paid. The suit was not to recover disability benefits, but to recover for the life insurance. It is true the policy included the provision "that if the insured, while the policy is in full force and effect, and without default in the payment of premiums, 'shall become totally and permanently disabled, as hereinafter provided, and shall furnish satisfactory proof thereof, the Company will waive the

payment of premiums thereafter becoming due. . . . Second: Upon the receipt of due proof of total and permanent disabilities as above defined, the Company will waive the payment of all premiums thereafter becoming due.' " And the court says: "To make its operation depend upon the time of proof of disability, and not upon the time of disability itself, which was the real thing that he was protecting himself against, renders the provision of the policy under construction inoperative and the right of no value."

To the extent to which this would establish the doctrine that upon the furnishing of due proof the right to disability benefits would mature at the time of the date of the disability, we cannot concur. The reasoning of the Federal Supreme Court cited from the Bergholm Case has more compelling force with us.

No proof of any kind having been given to the company during the lifetime of the one entitled to the benefits, the right to the benefits never matured, and therefore no liability accrued. The judgment is reversed.

BURKE Ch. J., and NUESSLE, MORRIS and CHRISTIANSON, JJ., concur.