DIETRICH, Respondent, v. MIDLAND NATIONAL LIFE INSURANCE COMPANY, Appellant.

(264 N. W. 724.)

(File No. 7849.   Opinion filed February 1, 1936.)

*Hanten, Hanten & Henrikson*, of Watertown, for Appellant.
*Longstaff & Gardner*, of Huron, for Respondent.

RUDOLPH, J.   This action is brought to recover upon a policy of life insurance.   Plaintiff is the widow of James David Manning, who carried a policy of life insurance with the defendant company.   Manning died August 1, 1928.   The annual premium on the policy was due on November 2d of each year.   No premium was paid subsequent to November 2, 1925.   Under the automatic extended insurance provision contained in the policy, the cash value of the policy remaining on November 2, 1926, when the default occurred, after deducting policy loans, was sufficient to extend the policy for a period of 310 days from November 2, 1926.   There is a provision in the policy relating to total and permanent disability, which is as follows: "If, after one annual premium shall have been paid in cash, and while there is or has been no default in the payment of any premium or interest, the Insured shall furnish proof satisfactory to the Company that he has been wholly disabled by bodily injuries or disease, and that he will be permanently and continuously wholly disabled for life from pursuing any and all

gainful occupations, the Company by an endorsement in writing upon this Policy will agree to pay all premiums for the Insured thereafter becoming due during the continuance of such disability and in such event the value of this Policy, as given in the schedule, shall increase in the same manner as if the premiums were being paid by the Insured. If the Insured shall so far recover, however, as to be able to engage in any gainful occupation for wages or profit, the Company's obligation to pay the premiums shall cease and the Insured shall resume the payment of premiums in accordance with this Policy on the first premium due date following such recovery."

The plaintiff contends that, subsequent to December 2, 1926, and prior to the time when the automatic extended insurance expired, the insured became permanently and totally disabled, and plaintiff contends that, by reason thereof, the company became obligated to pay all of the premiums due on the policy during the period of such disability under the provision of the policy above set out, and that therefore the policy was in force at the time of the death of the insured. The company was never notified of the claimed disability until long after the death of the insured. Judgment was for the plaintiff, and defendant has appealed.

It will be noted that the claimed disability did not occur until after December 2, 1926. December 2, 1926, is the date the grace period expired for the payment which was due under the terms of the policy November 2, 1926, and which was never paid. We are not confronted in this case, therefore, with a consideration of the effect of the above policy provision relating to permanent disability where the disability occurred prior to the expiration of the grace period. The claimed disability occurred after the grace period had expired, but within the time when the automatice extended insurance was in effect. The provision in the policy relating to automatic extended insurance is as follows: "If this Policy lapse as specified above and be not surrendered for its Cash Value or for a Paid-up Policy, the Company will, without any action on the part of the Insured, grant the option as shown in the column 'Automatic Extended Insurance,' such Extended Insurance to be non-participating insurance and for the full amount of this Policy, the same to take effect on the day to which the premiums

have been duly paid and to continue in force for the term indicated in the following table; provided, however, that if there be any indebtedness on account of this Policy, the amount of such Extended Insurance will be the face amount of this Policy less the indebtedness and the term shall be changed to that term for which the cash surrender value of this Policy herein specified, less the indebtedness, will carry the modified amount at Single Premium Term rates according to the American Experience Table of Mortality with interest at three and one-half per cent."

It will be noted that the automatic extended insurance comes into existence under the terms of the policy only after the policy has lapsed because of nonpayment of any premium or interest due under the policy or on account of any policy loan.

It is the contention of the respondent that the provision in the policy relating to permanent disability has to do only with the giving of notice of the disability, and that the giving of this notice should not be construed as a condition precedent to liability. However, it seems to us that the provision in the policy relates to something more than the giving of the notice. We think it clear that the policy provision provides for the time when the disability must occur, and that time is fixed as a time "while there is or has been no default in the payment of any premium or interest." The policy in words provides: "If, * * * while there is or has been no default in the payment of any premiums or interest, the insured shall furnish proof satisfactory to the company that he has been wholly disabled, etc." Obviously, the insured could not furnish proof that he had been wholly disabled prior to the time his disability occurred, and, when the policy says proof must be furnished prior to the default of the payment of any premium or interest, it follows necessarily that the disability itself under the terms of the policy must occur prior to the default. Respondent has cited no case, and we have found no case, which holds that a recovery might be had under similar policy provisions where the disability occurred after the grace period had expired. Cases have been cited which hold that, if the disability occurred prior to the expiration of the grace period, and the notice to the company of the disability was not given until after that time, nevertheless a recovery might be had because the giving of the notice was not

a condition precedent to liability. As stated in the case of Minnesota Mutual Life Insurance Co. v. Marshall (C. C. A.) 29 F. (2d) 977, 978: "On the question of when the time of waiver of the payment of premiums begins under policy provisions similar to these quoted, there are two lines of decisions; one holding that proof of disability fixes the time when the waiver begins; and the other holding that the time of waiver is the time of disability, and that a reasonable time thereafter is allowed to make proof of such disability, and that if death occurs before the proof of disability is made, although after the due date of the premium, the insurance company is liable, where the disability arises before the due date of the premium, and continues until death."

The decisions referred to in this federal case construe policy provisions similar to that here involved. It will be observed that in those decisions, which hold that the time of waiver is the time of disability, nevertheless the disability must arise before the due date of the premium.

As stated above, it is our opinion that, by the express terms contained in the policy here under consideration, the disability, which would fix liability upon the company, must have occurred before there was a default in the payment of any premium or interest. There was a default in the payment of the premium due on November 2, 1926, at the time the grace period for that payment expired, and the claimed disability did not occur until after that time. Certainly the occurrence of the disability within the time fixed in the policy is a condition precedent to liability, even though the giving of the notice might not be.

Under the terms of the policy, the automatic extended insurance comes into existence only after the policy has lapsed for the nonpayment of premiums or interest. Also, by the terms of the policy, the disability which will fix liability upon the company must occur before there is a default in the payment of any premium or interest. It seems clear to us, therefore, that a disability occurring during the period of automatic extended insurance is not such as, under the terms of the policy, will fix liability upon the company.

The judgment and order appealed from are reversed.

All the judges concur.