26046. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES *v.* ADAMS.

6

*Jones, Johnston, Russell & Sparks,* for plaintiff in error.
*Jule Felton,* contra.

MacIntyre, J.  Adams sued the insurance company for recovery of disability-benefit installments and of premiums paid under a policy of life insurance.  The defendant demurred to the petition and the demurrer was overruled.  The case is in this court on exceptions to that ruling.  The policy sued on was issued in September, 1922.  The plaintiff claims to have become totally and permanently disabled in August, 1930.  However, no notice or proof of disability was filed with the company until September, 1935.  Upon the filing of this notice and proof the company approved the claim.  Premiums which have accrued since that date have been waived, and disability benefit installments which have accrued since that date have been paid.  The plaintiff now contends that he is entitled to be paid disability benefits covering the period between the date of the commencement of his disability in August, 1930, and the date of the filing of proof of disability in September, 1935; and that he is entitled to recover premiums paid during that period.  The questions in the case are: first, is the plaintiff, under the terms of the policy sued on, entitled to recover disability installments for a period prior to the filing of notice of and proof of disability; and second, is he entitled to recover premiums paid to continue the policy in force during that period?  He does not sue for premiums paid or disability installments accrued subsequently to the date of notice of disability, for the reason that premiums have been waived and disability installments have been paid since that time.  The material parts of the policy are the following:  "And further, if the insured becomes wholly and permanently disabled before age 60, the Society will waive subsequent premiums and pay to the insured a disability-annuity of twenty dollars a month, subject to the terms and conditions contained on the third page hereof."  And the following terms and conditions appear on page 3 of the policy:  "(1) Disability benefits before age 60 shall be effective upon receipt of due proof, before default in the payment of premium, that

the insured became totally and permanently disabled by bodily injury or disease after this policy became effective and before its anniversary upon which the insured's age at nearest birthday is 60 years, in which event the Society will grant the following benefits: (a) Waive payment of all premiums payable upon this policy falling due after the receipt of such proof and during the continuance of such total and permanent disability; and (b) pay to the insured a monthly disability-annuity as stated on the face hereof; the first payment to be payable upon receipt of due proof of such disability and subsequent payments monthly thereafter during the continuance of such total and permanent disability."

The plaintiff relies largely on the case of *Life Insurance Company of Virginia* v. *Williams,* 48 *Ga. App.* 10 (172 S. E. 101). The pertinent provisions of the policy there, however, differed from the policy here under consideration. The policy provided: "Upon . . proof satisfactory to the company . . that while the said policy was in full force and effect, before default in the payment of premiums . . the insured has become totally disabled . . and for a period of not less than three consecutive months immediately preceding receipt of proof has been totally disabled . . the company will waive the payment of *any* premium falling due under said policy during such disability. . . Such waiver of premium shall become *effective* with the first premium falling due under said policy *after* the date of the *commencement* of such disability." (Italics ours.) That is, in that case, the waiver of any premium became effective after the date of the disability, and did not depend on the time the proof was furnished; and the court held that it was the time of the disability which fixed the waiver of the premiums by the insurance company. We need not challenge the soundness of this construction of the provisions of the policy in that case; for in that case the obligation to furnish proof was no part of the condition precedent to the waiver. The existence of disability before the premium became in arrears, standing alone, was enough to create the waiver. But in the instant case, according to the provisions of this policy, "the disability benefits . . shall be effective upon receipt of due proof . . that the insured became totally and permanently disabled after this policy became effective, . . the first payment to be payable upon receipt of due proof of such disability and subsequent payments monthly there-

after." The policy provides that disability benefits "shall be effective upon receipt of due proof." The key word is "effective." A rent contract is entered into, effective on a certain date. An increase in salary is made effective on a certain date. A law is enacted, effective on a certain date. In Mullaney v. Equitable Life Assurance Soc., 66 N. D. 235 (264 N. W. 663), the Supreme Court of North Dakota, in dealing with the provisions of a policy identical with the provisions in this policy, thus discussed the word "effective": "The term 'effective' as it relates to disability benefits does not differ in meaning from the same term when applied to the policy itself. Before any rights accrued to the insured, the policy itself had to become 'effective;' that is, go into effect and be binding upon the parties. The contract could not become effective until all the steps required to make a contract had been complied with, or waived. The same way with the disability benefits. The right to these benefits does not go into effect until the prerequisites occur—the contract must remain in force, the insured must not be over sixty years of age, must be totally and permanently disabled, and due proof of such disability must be furnished the company. All these are necessary steps before the disability benefits become effective. The time this portion of the contract goes into effect— payment of disability benefits—is as much a fundamental element as is the disability itself."

The obligation of the company under the language of the present policy does not rest upon the existence of the disability, standing alone, but it is the receipt by the company of proof of disability which is definitely made a condition precedent to a waiver by it of payment of the premium becoming due after the receipt of such proof. Bergholm v. Peoria Life Insurance Company, 284 U. S. 489 (52 Sup. Ct. 230, 76 L. ed. 416). The decision in *Life Insurance Company of Virginia* v. *Williams,* supra, cited Minnesota Mutual Life Insurance Co. v. Marshall, 29 Fed. (2d) 977, and Bergholm v. Peoria Life Insurance Co., supra. And on reading the Bergholm decision we think it draws, in effect, the same distinction between the principles of law involved in the Bergholm case and Minnesota Mutual Life Insurance Company v. Marshall that we have drawn between *Life Insurance Company of Virginia* v. *Williams* and the instant case. The decisions in Jabara v. Equitable Life Assurance Society, 280 Ill. App. 147, and Mullaney v.

Equitable Life Assurance Society, supra, both dealing with provisions of a policy which were identical with those with which we are dealing in the instant case, cited the Bergholm case, recognized the distinction therein drawn, and stated in effect what we are now deciding, that under an insurance policy with a provision that "the disability benefits . . shall be effective upon receipt of due proof . . that the insured became totally and permanently disabled after this policy became effective, . . the first payment to be payable upon receipt of due proof of such disability and subsequent payments monthly thereafter," no payments were due until after such proof was made, notwithstanding actual disability existed for approximately five years earlier. Under the provisions of the policy in question, the insurance company did not waive all premiums payable on the policy falling due until after the receipt of such proof of loss. *Northwestern Mutual Life Ins. Co.* v. *Dean,* 43 *Ga. App.* 67 (157 S. E. 878); *Dean* v. *Northwestern Mutual Life Ins. Co.,* 175 *Ga.* 321 (165 S. E. 235). In the Mullaney case, supra, it was said: "It is true the disability had ceased before proof was furnished; but the court holds quite clearly [in Perlman *v.* New York Life Insurance Company, 105 Pa. Super. Ct. 413, that] there is no right to benefits for the period prior to the furnishing of proof. The South Carolina case cited [Parker *v.* Jefferson Standard Life Insurance Co., 158 S. C. 394] shows the reason for such notice, and the reasonableness is such that it certainly must have been contemplated by the parties. As said therein, it furnishes 'a proper administrative protection against imposition and fraud, which would be of little practical value if the notice and demand could be so long deferred as to prevent a timely and effective investigation of the claim.' " We think this reasoning is sound and applicable to the instant case.

The second headnote needs no elaboration. The court erred in overruling the demurrer.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*