BINDER, Respondent, v. GENERAL AMERICAN LIFE
INS. CO., Appellant

(282 N. W. 521.)

(File No. 8160. Opinion filed December 10, 1938.)

*Allen May* and *J. R. Burcham,* both of St. Louis, Mo., and
*Bailey, Voorhees, Woods & Bottum* and *H. L. Fuller,* all of Sioux
Falls, for Appellant.

*W. W. French,* of Yankton, for Respondent.

ROBERTS, P. J. The question presented for decision on this appeal is whether the facts alleged in the complaint are sufficient to constitute any cause of action against the defendant insurance company for the recovery of specified disability benefits upon a policy of insurance issued to Emil R. Binder on July 5, 1923, and five annual premiums which had been paid to the company during an alleged period of disability. The policy of insurance contained the following provision: "If the Insured shall furnish due proof that, prior to policy anniversary on which he attains age sixty, nearest birthday, he has been wholly disabled from bodily injury or disease occurring subsequent to the first insurance year, and that such disability occurred after one full annual renewal premium had been paid on this policy, and by such disability, he is and will be, presumably, thereby permanently, continuously and wholly prevented from pursuing any occupation whatsoever for remuneration or profit and that such disability has then existed for not less than ninety days * * * then the Company, after receipt of such proof, will waive payment of any premium therafter payable upon this policy as it becomes due, and beginning six months after receipt of such proof The Company Will Pay the Insured the sum of Twenty-Five and 00/100 dollars, and a like sum monthly thereafter during the lifetime and continued disability as aforesaid, of the insured."

The complaint alleges that the insured died on January 20, 1937; that in the month of August, 1931, decedent became wholly disabled from disease occurring subsequent to the first insurance year and after one full annual renewal premium had been paid by the insured; that such disability continued to exist until his death; that the insured paid five annual premiums in ignorance of the disability clause; and that proof of disability was not furnished until December, 1936.

Plaintiff contends that the disability of the insured fixed the liability of the appellant insurance company and suspended payment of premiums and that proof of disability as provided in the policy was not a condition precedent to the right of recovery. Plaintiff relies upon Minnesota Mutual Life Insurance Company v. Marshall, 29 F. 2d 977, a decision of the Circuit Court of Appeals of the Eighth Circuit, in support of his contention. The Court in that case concluded that an ambiguity existed in the terms

of the policy and resolved the construction in favor of the insured. We refer to this holding in Dietrich v. Midland Nat. Life Ins. Co., 64 S. D. 102, 264 N. W. 724, but there we were concerned with the right to recover where disability occurred during the period of automatic extended insurance and not with the question whether furnishing of proof while the policy was in full force and effect and while there was no default in payment of premiums was a condition precedent to the right of insured to recover. The Supreme Court of the United States in Bergholm v. Peoria Life Insurance Co., 284 U. S. 489, 52 S. Ct. 230, 76 L. Ed. 416, referring to the Marshall Case, said:

"The pertinent provisions of the policy there, however, differ from those found in the policy here under consideration. There the policy provided that if the insured, while the policy is in force and before default in payment of premiums, 'shall become totally and permanently disabled * * * and shall furnish satisfactory proof thereof, the Company will waive the payment of premiums thereafter becoming due,' and that 'upon the receipt of due proof of total and permanent disabilities * * * the Company will waive the payment of all premiums thereafter becoming due.' The court held that the waiver took effect at the time of the disability, and did not depend upon the time when proof thereof was furnished.

"We do not need to controvert this construction of the words quoted, or question the soundness of the view of the court that the existence of the disability before the premiums became in arrears, standing alone, was enough to create the waiver. In that view, the obligation to furnish proof was no part of the condition precedent to the waiver; but such proof might be furnished within a reasonable time thereafter. Here the obligation of the company does not rest upon the existence of the disability; but it is the receipt by the company of proof of the disability which is definitely made a condition precedent to an assumption by it of payment of the premiums becoming due after the receipt of such proof. The provision to that effect is wholly free from the ambiguity which the court thought existed in the Marshall policy."

The court which decided the Marshall Case distinguished the language there construed from the terms of a policy which provided that if the insured while the policy was in force and before default in payment of premiums shall "furnish due proof to the

Company" that he has become totally and permanently disabled, the company "upon receipt and approval of such proof" would waive the payment of premiums thereafter becoming due and during the continuance of such disability pay specified benefits. Orr v. Mutual Life Ins. Co. of New York, 8 Cir., 64 F. 2d 561, 562. The terms of the policy in the present case differ materially from those considered in the Marshall Case, and resemble the provisions in the other cases cited. The following decisions construing policies having provisions similar in effect to those in the present case hold that the furnishing of proof of disability is a condition precedent to the waiver of future premiums or disability benefits: Cochens v. Prudential Ins. Co. of America, 4 Cal. App. 2d 172, 40 P. 2d 902; McAndrews v. Prudential Ins. Co. of America, 132 Neb. 332, 271 N. W. 857, 109 A. L. R. 821; Floyd M. Andrews, Inc., v. Aetna Life Ins. Co., 198 Minn. 1, 268 N. W. 415; Johnson v. Mutual Life Ins. Co. of New York, 4 Cir., 70 F. 2d 41; Franklin Life Ins. Co. v. Fisher, 164 Okl. 193, 23 P. 2d 151; Mullaney v. Equitable Life Assur. Soc., 66 N. D. 235, 264 N. W. 663; Smith v. Missouri State Life Ins. Co., 134 Kan. 426, 7 P. 2d 65; Kearns v. Penn. Mut. Life Ins. Co., 178 Wash. 235, 34 P. 2d 888; New York Life Ins. Co. v. Farrell, 187 Ark. 984, 63 S. W. 2d 520; Courson v. New York Life Ins. Co., 295 Pa. 518, 145 A. 530.

 Plaintiff contends that the provisions of the policy under consideration were not sufficient within the meaning of section 888, Rev. Code 1919, to make time of the essence of the contract. This section provides that "time is never considered as of the essence of a contract, unless by its terms expressly so provided." No particular form of expression is necessary under the terms of this statute to make time of the essence of a contract and whether or not time is to be so considered depends upon the intentions of the parties thereto and the object to be attained by the contract. Phillis v. Gross, 32 S. D. 438, 143 N. W. 373, Western Town Site Co. v. Lamro Town Site Co., 31 S. D. 47, 139 N. W. 777. It is true that where the terms of a policy are susceptible of two constructions that construction most favorable to the insured will be adopted. Lundeen v. Schumacher, 52 S. D. 149, 216 N. W. 883. But this rule of construction cannot be invoked to modify the terms of a policy. Christiansen v. Royal Ins. Co., 65 S. D. 246, 272 N. W. 820. As pointed out by the Court in