HAWTHORNE, Justice.
 

 Plaintiff-appellant, Henry J. Robbert, the insured in a life insurance policy issued by the defendant-appellee, The Equitable Life Assurance Society of the United States, instituted this suit to recover total and permanent disability benefits alleged to be due under the terms and provisions of the policy and to recover the amount of premiums paid by him during the existence of such disability. He prays for judgment for the amount of the premiums paid and, under the provisions of Act No. 310 of 1910, for double the amount alleged to be due for disability benefits and for attorney’s fees as a penalty for failure to pay.
 

 
 *333
 
 After trial on the merits, the lower court rejected plaintiff’s demands and dismissed his suit. He has appealed.
 

 Plaintiff’s suit is predicated on a provision of the insurance policy that “ * * * if the insured becomes wholly and permanently disabled before age 60 the Society will waive subsequent premiums and pay to the Insured a Disability-Annuity of One Hundred Dollars a month * * * ”, subject to certain terms and conditions as set forth in the policy.
 

 On January 7, 1939, while the insurance policy was in full force and effect, with all premiums paid, plaintiff became ill, and as a result of this illness was totally disabled until on or about August 31, 1939, approximately eight months later. He spent a part of this eight months’ period in a hospital, part of it confined to bed at home, and part convalescing in the Parish of St. Tammany. During this entire period all premiums falling due, amounting to $293.55, were paid by the plaintiff.
 

 On or about July 9, 1940, nearly a year after plaintiff had resumed the practice of his profession as an optometrist, he was informed by a friend that his insurance policy contained a provision for disability benefits —a fact of which he had previously been unaware. He then presented his claim for total and permanent disability benefits to the insurance company’s cashier. His lack of knowledge of the provision regarding disability explains his delay in presenting his claim, but he does not contend or make any showing that the alleged disability rendered him incapable of presenting his claim or furnishing proof in support thereof during the eight months’ period for which he is claiming disability benefits. Upon the insurance company’s denial of liability, plaintiff instituted this suit on December 4, 19411
 

 Plaintiff alleges that due to his illness he was totally and permanently disabled within the meaning and terms of the insurance policy. The insurance company takes the position that, even if the disability was total while it lasted, it was not permanent within the meaning of the policy. Under the disposition which we have concluded should be made of this case, however, it is not necessary for us to decide this issue.
 

 The terms and conditions of the policy with reference to total and permanent disability and waiver of premiums are as follows :
 

 “Total and Permanent Disability
 

 “(I) Disability Benefits before age 60 shall be effective upon receipt of due proof, before default in the payment of premium, that the Insured became totally and permanently disabled by bodily injury or disease after this policy became effective and before its anniversary upon which the Insured’s age at nearest birthday is 60 years, in which event the Society will grant the following benefits:—
 

 “(a) Waive Payment of All Premiums payable upon this policy
 
 falling due after the receipt of such proof and during the
 
 
 *335
 

 continuance of such total and permanent Disability;
 
 and
 

 “(b) Pay to the Insured a Monthly Disability-Annuity as stated on the face hereof
 
 ; the first payment to be payable upon receipt of due proof of such Disability
 
 and subsequent payments monthly thereafter during the continuance of such total and permanent Disability.” (Italics ours.)
 

 As we have heretofore pointed out, plaintiff alleges and contends that he became totally and permanently disabled within the meaning and terms of the policy on January 7, 1939, but he does not contend or allege that his disability was total and permanent within the meaning of the policy subsequently to August 31, 1939, or that it was such on July 9,
 
 1940,
 
 the date on which
 
 he
 
 presented 'his claim.
 

 The defendant insurance company contends that, under the above quoted terms and provisions of the policy, receipt of due proof of disability is a condition precedent to the liability of the company to make the disability payments of $100 per month and to waive any premiums; or, in other words, that it was not liable for waiver of any premiums falling due during the disability before receipt of proof of such disability, or for any disability payments accruing before receipt of such proof.
 

 It is so well settled that no citation of authority is necessary that, if the provisions of a life insurance policy are ambiguous and of doubtful meaning, the construction most favorable to the insured will
 
 be
 
 adopted. In other words, in such a case a liberal construction is given in favor of the insured. In the instant case, however, the terms of the policy are clear and free from ambiguity. The language used therein is susceptible of only one interpretation — that the obligation of the insurance company does not rest alcne upon the existence of the disability, and that receipt of proof of such disability is a condition precedent to the insurance company’s liability or obligation to waive premiums subsequently falling due and to pay disability benefits. To hold differently we would have to give to plain words a strained, abnormal, and uncommon meaning, and would, in effect, be rewriting the insurance contract. In Bergholm et al. v. Peoria Life Ins. Co., 284 U.S. 489, 52 S.Ct. 230, 231, 76 L.Ed. 416, after stating that, where the terms of the policy are of doubtful meaning, the construction most favorable to the insured will be adopted, the court said that
 
 “ * * *
 
 This canon of construction is both reasonable and just, since the words of the policy are chosen by the insurance company; but it furnishes no warrant for avoiding hard consequences
 
 by
 
 importing into a contract an ambiguity which otherwise would not exist, or, under the guise of construction, by forcing from plain words unusual and unnatural meanings.”
 

 The policy in this case provides that, if' the insured becomes wholly and permanently disabled before the age of 60, the society
 
 *337
 
 will waive subsequent premiums and pay to the insured a disability-annuity of $100 a month; that these disability benefits are effective upon receipt of due proof, and that the company will waive all premiums payable upon the policy which fall due after receipt of such proof. These words clearly mean that the company will waive all premiums falling due after receipt of proof of disability, and are susceptible of no other interpretation. Likewise, the policy explicitly provides that the society will pay the monthly disability-annuity, the first payment to be payable upon receipt of due proof of such disability. The “first payment” in such a case can mean only the first monthly payment of $100.
 

 The appellate courts of five of our sister states — Minnesota, North Dakota, Georgia, Kansas, and Pennsylvania — and the Federal Circuit Court of Appeals for the Eighth District have had occasion to interpret the provisions of insurance policies which are identical with those of the policy which we are here considering. The defendant in each case was the same insurance company as the one here. In every instance the court concluded that the policy was clear and free of ambiguity, and that submission of proof of disability was a condition precedent to the liability of the insurer under the disability provisions of the policy. From our independent research we have found no case in which an appellate court construed this particular provision otherwise. These cases are so called “goose cases”, all of the geese -being of the same color and in perfect step. They are: Equitable Life Assur. Soc. of United States v. Mercantile Commerce Bank & Trust Co. et al., 8 Cir., 143 F.2d 397; Equitable Life Assur. Soc. of United States v. Adams, 56 Ga.App. 5, 192 S.E. 90; Bott v. Equitable Life Assur. Soc. of the United States, 147 Kan. 671, 78 P.2d 860; Lindskog v. Equitable Life Assur. Soc. of United States, 209 Minn. 13, 295 N.W. 70; Mullaney v. Equitable Life Assur. Soc. of the United States, 66 N.D. 235, 264 N.W. 663; Equitable Life Assur. Soc. of United States v. McCausland et al., 331 Pa. 107, 200 A. 85.
 

 In Equitable Life Assur. Soc. of United States v. Adams, supra, the plaintiff -claimed to have become totally and permanently disabled in August, 1930. Notice or proof of disability was filed with the insurance company in September, 1935. Plaintiff contended that he was entitled to be paid disability benefits covering the period between the date of the commencement of disability in August, 1930, and the date of the filing of proof of disability in September, 1935, and also that he was entitled to recover premiums paid during this period. The court disallowed his claim, and in construing and interpreting the insurance policy, which had provisions identical to the ones we have here under consideration, - said: “ * * * But, in the instant case, according to the provisions of this policy, ‘the disability benefits * * * shall be effective upon receipt of due proof * * *
 
 *339
 
 that the insured became totally and permanently disabled after this policy became effective * * * the first payment to be payable upon receipt of due proof of such disability and subsequent payments month, ly thereafter.’ The policy in the instant case provides that disability benefits ‘shall be effective upon receipt of due proof.’ The key word is ‘effective.’ A rent contract is entered into, effective on a certain date. An increase in salary is made effective on a certain date. A law is enacted, effective on a certain date. In Mullaney v. Equitable Life Assurance Soc., 66 N.D. 235, 264 N.W. 663, 664, the Supreme Court of North Dakota, in dealing with the provisions of a policy identical with the provisions in this policy, discusses the word ‘effective’ : ‘The term “effective” as it relates to disability benefits does not differ in meaning from the same term when applied to the policy itself. Before any rights accrued to the insured, the policy itself had to become “effective”; that is, go into effect and be binding upon the parties. The contract could not? become effective until all the steps required to make a contract had been complied with, or waived. The same way with the disability benefits. The right to these benefits does not go into effect until the prerequisites occur — the contract must remain in force, the insured must not be over sixty years of age, must be totally and permanently disabled, and due proof of- such disability must be furnished the company. All these are necessary steps before the disability benefits become effective. The time this portion of the contract goes into effect — payment of disability benefits — is as much a fundamental element as is the disability itself.’ The obligation of the company under the language of the present policy does not rest on the existence of the disability, standing alone, but it is the receipt by the company of proof of disability which is definitely made a condition precedent to a waiver by it of payment of the premium becoming due after the receipt of such proof. Bergholm v. Peoria Life Insurance Company, 284 U.S. 489, 52 S.Ct. 230, 76 L.Ed. 416. * * * ” [56 Ga.App. 5, 192 S.E. 92.]
 

 In Bott v. Equitable Life Assur. Soc. of United States, another of the cases cited supra, suit was instituted to recover permanent disability benefits under two insurance policies issued by the defendant. According to the allegations of the petition, three years and four months before his death, the insured suffered a complete nervous breakdown caused by a combination of diseases, and from that time was totally disabled until his death. The death benefits were duly paid by the insurance company, and suit was instituted to recover the permanent and total disability benefits of $25 per month under one of the policies and for the amount of the premiums paid during the period of disability. No proof of total and permanent disability was furnished to the insurance company during the deceased’s lifetime. The Supreme Court of
 
 *341
 
 Kansas affirmed a judgment in favor of the insurer, saying: “These provisions [identical with the ones here] are free from ambiguity. The receipt by the company of the proof of the disability is definitely made a condition precedent to the waiver of the payment of the premiums in the two policies, or the payment of the monthly annuities in the larger policy. Bergholm v. Peoria Life Ins. Co., 284 U.S. 489, 52 S.Ct. 230, 76 L.Ed. 416.” [147 Kan. 671, 78 P.2d 862.]
 

 In the course of its opinion the Kansas court quoted from the case of Smith v. Missouri State Life Ins. Co., 134 Kan. 426, 7 P.2d 65, 67, 69, the following language which we think is pertinent here: “ ‘ * * * All actuarial calculations are based upon the payment of premium at the time specified in the contract, and by reason thereof the state is able to determine whether the company can make good its contracts. If the beneficiary may wait until more that a year after the claimed disability and the death of the insured to make the claim of total disability, which is generally a question of fact, then the certainty of liability of insurance companies cannot be established nor the amount of their reserve definitely determined. Anything that destroys the certainty of contracts necessarily affects the whole structure, and the sacredness of contracts should not be unnecessarily invaded or impaired by judicial interpretation.’ ”
 

 The Federal Circuit Court of Appeals in Equitable Life Assur. Soc. of United States v. Mercantile Commerce Bank & Trust Co. et al., supra, a case from the Eastern District of Missouri, in construing two life insurance policies having provisions identical to the ones here involved, said:
 

 “ * * * We agree with appellant’s [the insurer’s] contention that proof of claim by the insured is a condition precedent to the liability of the insurer under the provisions of the policies. The Missouri rule is that unless the language of an insurance policy is ambiguous the courts must give effect to its plain meaning. * * * On the other hand, if the language used is ambiguous it must be construed liberally in favor of the insured. * * * In the instant case the waiver of premiums is clearly limited by condition 1(a) of the policy to premiums ‘falling due after the receipt of such proof and during the continuance of such total and permanent Disability.’ This language is not ambiguous. It excludes waiver of all premiums payable, or falling due, prior to receipt of such proof. * * *
 

 “Neither is the provision for the payment of disability benefits ambiguous. Clause (1) of the policy, supra, provides that: ‘Disability Benefits before age 60 shall be effective upon receipt of due proof * * * (b) * * * the first payment to be payable upon receipt of due proof of such Disability and subsequent payments monthly thereafter during the continuance of such total and permanent Disability.’ * * *
 

 
 *343
 
 “It is said that clause 1(b) is ambiguous in that the words ‘the first payment’ may be construed to include the sum of all monthly payments accruing during the period from the commencement of disability until the receipt of proof of such disability, or that it may mean the first
 
 monthly
 
 payment only; and that the clause must * * * be construed against the insurer in favor of the insured. We do not'think that clause 1, when considered as a whole, is ambiguous. The insurer agrees to ‘(b) Pay to the Insured a Monthly Disability-Annuity as stated above; the first payment to be payable upon receipt of due proof,’ etc. This ■clearly means the ‘first (monthly) payment.’” [143 F.2d'401.]
 

 The Pennsylvania Supreme Court in Equitable Life Assur. Soc. of United States v. McCausland et al., supra, in construing the same provision had this to say:
 

 “The policy of insurance contained a provision for the payment of disability benefits, such benefits to be ‘effective upon receipt of due proof, before default in the payment of premium, that the insured became totally and permanently disabled by bodily injury or disease * * * in which event the Society will grant the following benefits: (a) Waive payment of all premiums payable upon this policy falling due after the receipt of such proof and during the continuance of such total and permanent disability; ***’.***
 

 “Where a policy of life insurance provides that disability benefits will be payable upon receipt of due proof that the insured has become totally and permanently disabled, and that the payment of all premiums falling due after the receipt of such proof and during the continuance of such disability will be waived, the furnishing of the proof of disability is a condition precedent. * * *” [331 Pa. 107, 200 A. 86:]
 

 Appleman discusses the issue before us in the instant case thus : “The most important question which arises, however, in connection with disability contracts and proof of loss, is where the contract limits recovery of benefits to the time that proof of loss is received, or to a certain length of time after proof of loss is made. In such event, the courts have, on the whole, considered that the insured mav not recover any benefits prior to that date, regardless of the date of the inception of the disability. * * * ” 1 Appleman, Insurance Law and Practice, § 615, p. 755.
 

 “ * * * Of course, the existence of disability is always a condition precedent to liability on the part of the insurer for disability payments, but the majority of courts have held that the proof of disability is likewise such a requisite. And where the policy makes it clear that the insurer will not consider itself bound for disability payments accruing prior to the time that proof or notice of disability is made or given, delay on the part of the insured prevents recovery for any benefits accruing prior to such times.” 3 Appleman, op. cit. supra, § 1395, pp. 16, 17.
 

 
 *345
 
 Bergholm et al. v. Peoria Life Ins. Co., 284 U.S. 489, 52 S.Ct. 230,
 
 76
 
 L.Ed. 416, a leading case by the Supreme Court of the United States, held that' receipt of pi oof by insurer of insured’s disability was a condition precedent to waiver of premiums under a policy of insurance with provisions very similar to the ones here. The policy in that case provided, among other things, that the insurance company, upon receipt of satisfactory proof that the insured was totally and permanently disabled, would pay for the insured all premiums becoming due on the policy after receipt of such proof and during the continuance of the total and permanent disability of the insured. In that case the insured died on April 18, 1929, and judgment was sought for disability benefits from December 1, 1927, to April 1, 1929. Prior to the death of the insured, the policy had lapsed unless saved by the terms of the disability clause. From the evidence in the record, the court concluded that it could reasonably be found that the insured was totally and permanently disabled from a time before the premium first became in arrears, and that this condition continued until his death. Petitioners contended that this was enough to bring into effect the promise of the insurance company to pay the premiums which became due after the disability began, notwithstanding the fact that no proof of total and permanent disability was furnished to the insurance company. In holding that the insurance company was not liable, the court in the course of its opinion stated:
 

 “ * * * Here the obligation of the company does not rest upon the existence of the disability; but it is the receipt by the company of
 
 proof
 
 of the disability which is definitely made a condition precedent to an assumption by it of payment of premiums
 
 becoming due after the receipt of such proof.
 
 The provision to that effect is wholly free from * * * ambiguity * * *. It is true that where the terms of a policy are of doubtful meaning, that construction most favorable to the insured will be adopted. * * *
 

 “Contracts of insurance, like other contracts, must be construed according to the terms which the parties have used, to be taken and understood, in the absence of ambiguity, in their plain, ordinary, and popular sense. Imperial Fire Ins. Co. v. Coos County, 151 U.S. 452, 462, 463, 14 S.Ct. 379, 38 L.Ed. 231. As long ago pointed out by this court, the condition in a policy of life insurance that the policy shall cease if the stipulated premium shall not be paid on or before the day fixed is of the very essence and substance of the contract, against which even a court of equity cannot grant relief. * * * And to discharge the insured from the legal consequences of a failure to comply with an explicitly stipulated requirement of the policy, constituting a condition precedent to the granting of such relief by the insurer, would be to vary the plain terms of a contract in utter disregard of long-settled principles.” [284 U. S. 489, 52 S.Ct. 231.]
 

 
 *347
 
 The general rule or doctrine as announced in the Bargholm case has been approved by this court in the cases of Compton v. Amicable Life Ins. Co. of Waco, Tex., 182 La. 991, 162 So. 751, 105 A.L.R. 1087, and Hickman et al. v. Pan-American Life Ins. Co., 186 La. 997, 173 So. 742. See also Jones v. Metropolitan Life Ins. Co., La. App., 157 So. 147, and Hardin v. Mutual Life Ins. Co. of New York, La.App., 12 So. 2d 488, 490 (Court of Appeal, Second Circuit). In the Hardin case, notice of the insured’s disability was not given to the insurer until about a year and a half after the disability had ceased. In refusing to allow the insured to recover under the disability provisions, the court stated: “There is no doubt in our minds as to the conclusion that the requirement upon the insured to furnish proof of disability constitutes a condition precedent, a suspensive condition. The burden was clearly upon the insured to perform the condition required by the policy, failing which performance there could be no liability or obligation upon the insurer to bestow the benefits provided.”
 

 There are many other cases involving provisions in insurance policies similar to those in the instant case which follow the doctrine of the Berghclm case, to the effect that the submission of proof of disability is a condition precedent to liability on the part of the insurance company for total and permanent disability benefits, as well as to its obligation to waive premiums. Among these cases are: New York Life Ins. Co.
 

 v. Farrell, 187 Ark. 984, 63 S.W.2d 520; Massachusetts Mut. Life Ins. Co. v. Montague, 63 Ga.App. 137, 10 S.E.2d 279; Wead v. Ætna Life Ins. Co. of Hartford, Conn., 160 Kan. 274, 160 P.2d 258; Floyd M. Andrews, Inc., v. Ætna Life Ins. Co., 198 Minn. 1, 268 N.W. 415, 106 A.L.R. 1085; Berke et al. v. New York Life Ins. Co., 208 Minn. 210, 293 N.W. 248; Rowan et al. v. New York Life Ins. Co., Mo.App., 124 S.W.2d 577; Feinberg v. New York Life Ins. Co., 233 Mo.App. 707, 127 S.W.2d 82; Thomas v. Prudential Ins. Co. of America, 131 Neb. 274, 267 N.W. 446; Gunter v. Prudential Ins. Co. of America, 187 Okl. 11, 100 P.2d 851; Binder v. General American Life Ins. Co., 66 S.D. 305, 282 N.W. 521; Jenkins v. New York Life Ins. Co., 122 W.Va. 73, 7 S.E.2d 343.
 

 What was said in another connection by Chief Justice Hughes of the United States Supreme Court in Williams v. Union Central Life Ins. Co., 291 U.S. 170, 180, 54 S. Ct. 348, 352, 78 L.Ed. 711, 92 A.L.R. 693, is pertinent here: “As there is no ambiguity in the provisions under consideration, there is no occasion for resort to the familiar principle that equivocal words should be construed against the insurer. While it is highly important that ambiguous clauses should not be permitted to serve as traps for policyholders, it is equally important, to the insured as well as to the insurer, that the provisions of insurance policies which are clearly and definitely set forth in appropriate language, and upon which the cal
 
 *349
 
 culations of the company are based, should be maintained unimpaired by loose and ill-considered interpretations.”
 

 It might be well to observe that, if the failure of the insured to present proof of his disability in the instant case had been due to a disability which rendered him incapable of making or giving such proof, his case would then fall within the doctrine announced by this court in Hickman et al. v. Pan-American Life Ins. Co., supra, in which recovery was allowed when such failure was due to the insanity of the insured.
 

 The opinion of this court in Turner v. Metropolitan Life Ins. Co., 189 La. 342, 179 So. 448, does not reflect that the contention was made by the insurance company that liability arose under the disability provisions of the policy involved as of the date of giving of notice during disability by the insured rather than as of the date of disability. The insurance company defended the claim of the insured on three grounds: First, that the proof and notice of injury were not made out and served within a reasonable time; second, that plaintiff was not totally and permanently disabled; and, third, that plaintiff was judicially estopped from claiming that he was totally and permanently disabled because of his injuries, by judicial allegations to the contrary which he made in another suit. That case, therefore, does not appear to be pertinent to the issue of this case. Our examination of the other cases relied upon by plaintiff-appellant shows that they involved policies with provisions entirely different from those in the one involved in the instant case, and are not controlling here.
 

 For the reasons assigned, the judgment appealed from is affirmed, appellant to pay all costs.
 

 HAMITER, J., concurs in part and dissents in part and assigns written reasons.
 

 MOISE, J., dissents with written reasons.
 

 O’NIELL, C. J., takes no part.
 


 [1]
 

 . I find it unnecessary to comment on appellant’s claim for a return of premiums. This question was fully disposed of in the original opinion and merits no further discussion.