REDMANN, Judge.
Defendant insurer appeals from a judgment awarding plaintiff bank, the beneficiary under a group credit life insurance contract, the proceeds of the insurance upon the life of an indorser liable in solido on his closed corporation’s $8,500 note due to the bank. The indorser died while the policy purported to cover his life and premiums specifically naming him for coverage had been paid.
The primary question is one of construction of the insurance contract. Defendant also argues that under the statute authorizing group credit life insurance, R.S. 22:175, subd. B(4), insurance may not be afforded to an indorser, even if soli-darily liable with the maker.
The statute authorizes insurance in favor of a financial institution on the lives of members of a group “who become borrowers from one financial institution * * * under agreement to repay the sum borrowed * * Defendant argues that only the borrower, meaning the person who receives the borrowed money, may be insured on the group policy. But, apart from the question whether an insured might claim lack of authority to insure after maturity of an insured risk, we believe the statutory language qualifies the basic notion of borrower to include persons bound “under agreement to repay the sum bor *90 rowed”. The indorser is under such an agreement, and in this case it is an absolute and unconditional agreement.
The note provided:
“The makers, endorsers, guarantors, and sureties of this note hereby severally waive presentment for payment, demand, protest and notice of protest and nonpayment, and also all pleas of division and discussion, and hereby agree and acknowledge that this is and shall be a solidary obligation.”
The indorsers here, because absolutely required to pay the note, are primarily liable on the note insofar as the payee is concerned; R.S. 7:192; Bonart v. Rabito, 141 La. 970, 76 So. 166 (1917); Succession of Gravolet, 193 So. 218 (La.App. 1940), cert. denied. The statute does not prevent the insuring of the lives of these indorsers under a group credit life policy.
The insurance policy thus defines eligible debtors:
“All persons of the class defined in the application for this policy, over the age of eighteen (18) years and under the age of sixty-six (66) years at the time of becoming indebted to the Creditor, who are liable, directly or indirectly, to pay or repay sums of money to the Creditor in installments over a period not to exceed 60 months and agree to pay the required premium contribution to the creditor, shall be eligible for insurance hereunder, provided that no insurance is granted hereunder with respect to any partnership, corporation or association and in the case of more than one debtor on the same debt, the first named debtor only shall be eligible for insurance.”
The application thus specifies the class:
“The Debtors eligible for insurance shall be persons who may become Debtors of the Creditor; who are eighteen (18) years of age but who have not yet attained the sixty-sixth (66) anniversary of their date of birth at the time the contract of indebtedness is signed; and whose indebtedness will be repaid in not more than sixty (60) months.”
Defendant first argues that under the terms of the policy only “debtors” are covered and the indorser was not a “debt- or”. The policy and application provisions quoted, and other provisions of the policy, seem to consider a debtor as one “indebted” or owing an “indebtedness”, “directly or indirectly,” to the creditor. We have noted the indorsers here were primarily liable under the N.I.L. They did “become indebted” and sign a “contract of indebtedness”. They are debtors in the usual sense of the word; and they are surely “liable, directly or indirectly, to pay” the creditor. At most we might say the insurer’s contract is ambiguous, not clearly including or excluding the indorsers here; but it would then have to be construed in favor of the insured and against the insurer; C.C. arts. 1957 and 1958; Robbert v. Equitable Life Assur. Soc., 217 La. 325, 46 So.2d 286 (1950); Schonberg v. New York Life Ins. Co., 235 La. 461, 104 So.2d 171 (1958).
We must consider the deceased indorser a debtor within the policy’s meaning. See also Simmons v. Gulf Union Life Ins. Co., 213 So.2d 790 (La.App. 1968).
Next defendant argues that because the corporation was the note’s maker, the deceased indorser (although the first in-dorser) was not “the first named debtor”, who alone, under the policy provision quoted in full above, is eligible for insurance. But there is no way of telling what “the first named debtor” means. It may mean the first debtor signing the note, or the first one named on the list of individual lives insured (sent in weekly reports to the insurer). Even assuming it meant on the note, a corporation expressly could not be a “debtor” for insurance coverage under the quoted policy clause and impliedly could not under the age *91 limits of the quoted application clause. There is obvious reason for denying a creditor double insurance on one debt; but we see no reason for denying insurance altogether because one debtor is a corporation. And the policy does not exclude a corporate debt, but only a corporate debtor. The deceased indorser indorsed first (in the sense that his signature appears above the second indorser’s), and his name was listed first on the report of insurance issued. The ambiguity of the “first named debtor” clause again requires construction against the insurer. We must consider the deceased indorser the first named debtor.
The judgment appealed from is therefore affirmed at defendant’s cost.
Affirmed.