HALL, Judge.
This is a suit brought by O. C. Lanier, a former employee of defendant, Trans-World Life Insurance Company, to recover $1,316.47 allegedly due as a bonus under the terms of an employment agreement between the parties and to recover three months salary and attorney’s fees in accordance with LSA-R.S. 23:631-632. Judgment was rendered in favor of plaintiff awarding him the bonus as prayed for and rejecting his claim for the attorney’s fees and three months salary. Defendant has appealed. Plaintiff has not appealed nor answered the appeal and, therefore, his claim for attorney’s fees and salary is not before this court. We affirm the decision of the trial court.
In February, 1968, plaintiff was employed by defendant as an insurance agent and superintendent for the Monroe area. On March 13, 1968, Cecil H. Warren, Jr., Vice President of defendant company, wrote a letter to plaintiff confirming in detail the terms of the oral employment agreement the parties had reached prior to the commencement of plaintiff’s work. The letter was received by plaintiff and accepted by him in all his acts with defendant. The district judge concluded that this letter “. . . has to be considered the contract of employment between the parties” and neither party contends otherwise.
The three principal paragraphs of the letter constituting the employment contract read as follows:
“For the first 13 weeks you are to receive $135.00 plus $15.00 expense, and $50.00 of this $135.00 is to be deducted each week from your increase. Beginning the 14th week, your contract will be $85.00 salary, $15.00 expense, 2% of the collections on your staff, plus one time on the increase.
“It is further understood that beginning the 14th week, any members of your staff who make $30.00 increase for a month and have a collection percentage of 95% or better will be able to draw an extra $10.00 a week on their paycheck starting the first week of the month after they qualify. As long as they maintain $30.00 or better increase monthly, and a 95% or better collection percentage, they can continue to draw this $10.00.
*105 “If at the end of the year, you as a superintendent, have 75% increase of what the number of people on your staff would have to make to qualify, plus a 95% or better collection percentage for the year, you would be eligible for a one time bonus. This same thing would apply to the District Manager to include all agents with the exception he would need 70% of what was necessary for each agent to qualify.”
Appellant contends the parties misunderstood each other as to the meaning of the terms contained in the letter relating to the bonus and there was no meeting of the minds and, therefore, no contract. We find no merit in this argument. The parties discussed the bonus arrangement and their agreement was reduced to writing. The issue presented is not whether there was a contract but involves the correct interpretation of the terms contained in the agreement and more specifically, what period of plaintiff’s employment should be used to determine his right to the bonus provided for in the agreement.
The intent of the parties is to be determined by the words of the contract when they are clear and explicit and lead to no absurd consequences. Meaux v. Southern Construction Corporation, 159 So.2d 156 (La.App. 3d Cir. 1963) writs refused 245 La. 953, 162 So.2d 9 (1964); Lama v. Manale, 218 La. 511, 50 So.2d 15 (1951); LSA-Civil Code Article 1945. The parties’ intent must be determined in accordance with the plain, ordinary or common use of the language used in the contract. Texaco, Inc. v. Vermilion Parish School Board, 244 La. 408, 152 So.2d 541 (1963); McKinney v. American Security Life Insurance Co., 76 So.2d 630 (La.App. 2d Cir. 1955). Where the language of the contract is plain and unambiguous, it must be enforced as written. Texaco, Inc. v. Vermilion Parish School Board, supra; Martin-Parry Corp. v. New Orleans Fire Detection Service, 221 La. 677, 60 So.2d 83 (1952); Gordon v. Unity Life Ins. Co., 215 La. 25, 39 So.2d 812 (1949).
Appellant argues that the trial judge erred in concluding (1) that the plaintiff’s first thirteen weeks of employment should be included in determining his right to the bonus and (2) that the year referred to in paragraph four of the agreement meant the year ending on December 31, 1968.
The record reflects and the parties agree that if the period for which the bonus is to be calculated began with the commencement of plaintiff’s employment (including the first thirteen weeks of his employment) and ended at the.end of calendar year 1968, then plaintiff is entitled to the bonus because the performance requirements were met during that period. On the other hand, if the first thirteen weeks are excluded from the period, or if the period ended one year from the date of the commencement of employment, plaintiff is not entitled to the bonus because the requirements were not met during that period of time.
The key terms used in the agreement have well defined meanings in the “debit” insurance field. “Increase” means the net increase in premiums generated by an agent calculated by subtracting “lapses” or premiums lost on policies previously issued from gross premiums added by new policies sold. “One time” means a payment made as salary or bonus to the agent on a dollar for dollar or “one for one” basis measured by the net increase.
The first paragraph of the agreement quoted above sets forth plaintiff’s basic salary which was to change beginning with the fourteenth week after employment. As part of his regular salary beginning with the fourteenth week, he was to be paid “one time on the increase” but this is not to be confused with the “one time” bonus provided for in a subsequent paragraph. The second paragraph of the agreement relates to additional pay which could be earned by agents working under plaintiff beginning with the fourteenth week after plaintiff’s employment.
*106 The third paragraph of the agreement specifies the conditions necessary for plaintiff to receive the “one time bonus”. There is nothing in this paragraph which indicates an intent to exclude the first thirteen weeks of plaintiff’s employment in computing his entitlement to the bonus. There is no mention of the starting point of time and the most reasonable interpretation is that the period commenced with plaintiff’s employment. If the defendant employer had intended to exclude the first thirteen weeks from the period over which plaintiff’s performance would be measured, it seems reasonable to conclude that the letter would have so stated as it did in connection with the agent’s additional pay provided for in the second paragraph. Furthermore, any doubt in this connection should be construed against the party who wrote the contract. LSA-Civil Code Article 1957; Robbert v. Equitable Life Assur. Soc. of United States, 217 La. 325, 46 So.2d 286 (1950); King v. Mason, 95 So.2d 705 (La.App. 2d Cir. 1957); Succession of Cormier, 80 So.2d 571 (La.App. 1st Cir. 1955). We find the trial judge correctly held that the bonus period included the first thirteen weeks of plaintiff’s employment.
The next issue raised concerns the proper ending date for the bonus computation period. The third paragraph begins with the phrase “If at the end of the year . . .”. Appellant argues that this means the end of a twelve month period from the time plaintiff began his work at Trans-World. Such an interpretation is contrary to the ordinary usage of the phrase. The letter stated that the bonus would be payable if plaintiff met the requirements at the end of the year, not a year, or one year. The ordinary and usual meaning of the phrase would be the end of the calendar year then in progress. We find the trial judge correctly held that “the end of the year” meant the end of the calendar year 1968.
In addition to the errors specified above, appellant contends that the trial judge erred in holding that the lapses which occurred in December, 1968, but reported in January, 1969, were not to be used in calculating the bonus. However, in brief before this court, appellant concedes that if the bonus period is held to include the first thirteen weeks of plaintiff’s employment, plaintiff would be entitled to the bonus regardless of whether the lapses are considered. Therefore, having concluded that the bonus period did begin February 19, 1968 and ended December 31, 1968, it is unnecessary to pass on the district court’s ruling with reference to the lapses reported in January.
For the reasons assigned, the judgment of the district court is affirmed.
Affirmed.